EUGENIA A. PENFIELD, Respondent, *v.* NEW YORK AND MOUNT VERNON WATER CO., Appellant.

*Supreme Court, Second Department, General Term, June 28, 1889.*

*Negligence. Liability.*—An agreement requiring the defendant to enter upon plaintiff's land for the purpose of filling in, grading and making an embankment thereon so as to confine the defendant's pond and prevent it from overflowing plaintiff's land, and for this purpose to use her old retaining wall along the creek, as a condition to her consent to his raising his dam, is no excuse for the construction of the dam beyond its former height, in the absence of his performance of such precautionary measures, and is no defense to an action for negligence in raising the dam, whereby plaintiff's land was overflowed; and a refusal to admit such agreement in evidence on the trial of the action, when offered by defendant, is no ground for the reversal of a judgment in favor of plaintiff.

Appeal from a judgment entered on a verdict, and from an order denying a motion for a new trial made upon the minutes.

*Stephen J. Stillwell* (*Norman A. Lawlor* of counsel), for respondent.

*Frank N. Glover*, for appellant.

BARNARD, P. J.—The defendant had a pond of water, with a dam about six feet high. The stream which filled the pond was along the plaintiff's land and the old dam backed the water up to the plaintiff's land to a very small extent.

The defendant raised this dam three feet, and of course flooded the plaintiff's land to an extent three feet perpendicular rise beyond the old overflow. Before doing this the parties entered into an agreement that the defendant should have the right to enter upon the plaintiff's land and to fill in and grade the same so as to prevent the water

from overflowing the same, and for that purpose the defendant was permitted to use the old retaining wall of plaintiff's along the creek. The rise in the dam injured the plaintiff by casting water on her lot and she sued to recover her damages. The jury has found a quite severe injury. The complaint is formed as for a negligent construction of the dam. The answer is a general denial in this respect. The defendant offered the agreement in evidence, and it was rejected under the pleadings so that the case was tried as an unpermitted construction of a dam beyond its proper height. The paper, if admitted, did not change the relation of the parties.

Assuming that the paper is a license, the defendant was to make an embankment so as to confine the pond to its old position as respects the plaintiff, except that her bank was to be raised and the water was to rise perpendicularly.

The defendant failed to do this, and the agreement would be no excuse for the omission. A charge for negligently building the dam would be supported by the jury even if the dam proper was well constructed. The defendant agreed to make a good dam along plaintiff's land.

The evidence in the fact of this injury was conflicting and the jury have found upon the issue. The plaintiff was not as written of her guilty of contributory negligence.

She only objected to destroying her retaining wall. The difficulty was from the lack of filling behind it.

The judgment should be affirmed, with costs.

All concur.